UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID W. HINRICHS,<br><br>                                  Plaintiff,<br>       v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>                                  Defendant. | Case No. 3:15-cv-05361-JCC-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: December 18, 2015 |

The District Court has referred this action, filed pursuant to 42 U.S.C. § 405(g), to United States Magistrate Judge David W. Christel. Plaintiff filed this matter seeking judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits.

After considering the record, the Court concludes the ALJ failed to (1) support her Step Three finding with substantial evidence (2) provide specific and legitimate reasons for giving some weight to examining physician Dr. Gary Gaffield, D.O.; and (3) provide clear and convincing reasons supported by substantial evidence for finding Plaintiff lacked credibility. Had the ALJ properly evaluated all the evidence, Plaintiff may have been found disabled at Step Three and the residual functional capacity may have included additional limitations.

REPORT AND RECOMMENDATION - 1

The ALJ's errors are therefore not harmless, and this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report and Recommendation.

## FACTUAL AND PROCEDURAL HISTORY

On March 5, 2012, Plaintiff filed an application for DIB and SSI benefits, alleging disability as of July 5, 2011. *See* Dkt. 9, Administrative Record ("AR") 61. The application was denied upon initial administrative review and on reconsideration. *See* AR 67, 75, 86, 95. A hearing was held before Administrative Law Judge Rebekah Ross ("ALJ") on October 2, 2013. *See* AR 30-58. At that time, Plaintiff amended his alleged onset date to June 1, 2013. AR 15, 31. In a decision dated October 31, 2013, the ALJ determined Plaintiff to be not disabled. *See* AR 15-23. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). *See* AR 1-4; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff raises the following issues: (1) at Step Three, the ALJ erroneously found Plaintiff's impairment did not result in an inability to ambulate effectively and he did not meet Listing 1.02A; (2) the ALJ's rejection of Dr. Gary Gaffield's opinion was not supported by specific and legitimate reasons; (3) the ALJ improperly discredited his testimony; and (4) the ALJ erred by relying on vocational expert testimony that conflicts with the Dictionary of Occupational Titles ("DOT").

## DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)).

I.    Step Three Analysis

Plaintiff argues the ALJ erred in concluding his impairments did not meet Listing 1.02A at Step Three of the sequential evaluation process. Dkt. 11, pp. 2-6. At Step Three, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). Each listing sets forth the "symptoms, signs, and laboratory findings" which must be established in order for a claimant's impairment to meet the listing. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If a claimant meets or equals a listing, the claimant is considered disabled without further inquiry. *See* 20 C.F.R. § 416.920(d).

Listing 1.02A pertains to major dysfunction of a joint involving one major peripheral weight-bearing joint resulting in an inability to ambulate effectively. 20 C.F.R. Part 404, Subpart P, Appendix 1§ 1.02A. An

> inability to ambulate effectively means an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities.

20 C.F.R. Part 404, Subp. P, App. 1§ 1.00B(1). Examples of ineffective ambulation include, "the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public

REPORT AND RECOMMENDATION - 3

transportation, the inability to carry out routine ambulatory activities." 20 C.F.R. Part 404, Subp. P, App. 1§ 1.00B(2).

Here, the ALJ found Plaintiff did not meet Listing 1.02 because (1) there was no medical opinion stating his impairments equal a listing; (2) the medical record did not support finding Plaintiff met Listing 1.02A; and (3) Plaintiff's daily activities showed he could ambulate effectively. AR 18. For the ALJ's decision to be affirmed at Step Three, the findings must be supported by substantial evidence. *See Tackett*, 180 F.3d at 1099.

The ALJ first found Plaintiff does not meeting Listing 1.02 "because the record lacks an opinion from a medical expert or Commissioner designated consultant stating that [Plaintiff's] impairments equal any listing." AR 18.

> To *equal* a listed impairment, a claimant must establish symptoms, signs and laboratory findings at least equal in severity and duration to the characteristics of a relevant listed impairment, or, if a claimant's impairment is *not* listed, then to the listed impairment most like the claimant's impairment.

*Tackett*, 180 F.3d at 1099 (*citing* 20 C.F.R. § 404.1526). There is no requirement Plaintiff provide a medical opinion stating he equals a listing. *See* 20 C.F.R. §416.926 (in determining if a claimant equals a listing, the Commissioner considers "all evidence in [the claimant's] case record about [his] impairment(s) and its effects on [him] that is relevant to this finding"); *Shook v. Barnhart*, 2006 WL 4080050, *6 (D. Kansas, Aug. 21, 2006) (finding "the ALJ applied an incorrect legal standard in stating that a physician designated by the Commissioner must opine that plaintiff's impairment(s) medically equals a listed impairment before the ALJ could make such a finding"). Thus, this is not a valid reason for finding Plaintiff does not equal Listing 1.02A.

REPORT AND RECOMMENDATION - 4

The ALJ also found the medical record did not support "that one major peripheral weight-bearing joint has resulted in an inability ambulate effectively." AR 18. The ALJ "must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment." *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). A mere "boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not do so." *Id.* Here, the ALJ's finding that the medical record did not support "one major peripheral weight-bearing joint has resulted in an inability ambulate effectively" was merely boilerplate. AR 18. The ALJ did not cite to any medical records to support her finding and therefore the Court cannot determine if the ALJ properly evaluated the relevant medical evidence before concluding Plaintiff did not meet Listing 1.02A. The ALJ's failure to explain the medical evidence supporting her finding is error.

Moreover, the medical evidence shows Dr. Gaffield observed Plaintiff limps severely when bearing weight on his lower right extremity. AR 224. He had an obvious right hip deformity and atrophy of the right calf muscle. AR 224. Dr. Gaffield opined Plaintiff should "avoid heights and heavy equipment, the need to climb ladders and stairs, steep inclined planes, obstacles in his pathway, irregular surfaces, unprotected surfaces, [and] vibrating surfaces" due to the weakness and condition of his right hip. AR 225.

While the ALJ "need not discuss *all* evidence presented," he "must explain why significant probative evidence has been rejected." *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). As the function of a major peripheral weight-bearing joint and the ability to ambulate effectively was at issue, Dr. Gaffield's observations and opinion were significant and probative and the ALJ erred in failing to properly consider this evidence.

Last, the ALJ found Plaintiff could ambulate effectively because he could prepare meals, perform personal care activities, help with the dog, and go fishing. AR 18. But, as the Listings specify, independent activities around the home do not prove effective ambulation. "The ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 11(B)(2)(b). Therefore, the ALJ's reliance on Plaintiff's activities of daily living to demonstrate effective ambulation was erroneous.

Despite error, the Court will not reverse a decision by an ALJ if the errors are harmless and do not affect the ultimate decision regarding disability. *See Stout v. Comm'r Soc. Sec. Admin.,* 454 F.3d 1050, 1055 (9th Cir. 2006). Here, the ALJ's errors at Step Three may have led to an erroneous determination that Plaintiff did not meet the requirements of Listing 1.02A. Therefore, the error directly impacted the ALJ's disability analysis, is not harmless error, and requires reversal. *See Id.*

II.     Medical Evidence

Plaintiff alleges the ALJ failed to give specific and legitimate reasons for discounting examining physician Dr. Gary Gaffield, D.O.'s opinion as to Plaintiff's postural and sitting limitations. Dkt. 11, pp. 10-12.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035,

REPORT AND RECOMMENDATION - 6

1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

Dr. Gaffield evaluated Plaintiff in April 2012. AR 222-25. He diagnosed right hip pain due to congenital hip dysplasia resulting in unequal leg lengths and back pain. AR 225. He noted multiple surgical scars, obvious deformity of the right hip, and atrophy of the right calf muscle. AR 224. Plaintiff's right leg appeared longer and his pelvis was tilted and rotated to the right. AR 224. Plaintiff limped "severely" when bearing weight on his right lower extremity and had limited range of motion in his hips. AR 224. However, Plaintiff demonstrated no difficulty rising from a chair, climbing on/off the examination table, or rising from supine to sitting without assistance. AR 224.

Based on these findings, Dr. Gaffield opined Plaintiff could walk/stand two hours and sit four hours of an eight hour day. AR 225. Plaintiff could lift/carry no more than twenty pounds occasionally and ten pounds frequently. AR 225. He needed to avoid "postural activities," heights, heavy equipment, ladders, stairs, steep inclined planes, obstacles, and irregular, unprotected, and vibrating surfaces. AR 225. Plaintiff did not require an assistive device and had no limitations in manipulative activities. AR 225.

The ALJ gave this opinion "some" weight, finding Dr. Gaffield's standing, walking, lifting and carrying limitations consistent with his examination. AR 20. The ALJ, however, found Dr. Gaffield's

> opinion regarding the claimant's limitations with performing postural activities, as well as with climbing stairs, is undermined by the claimant's ability to perform at a higher exertion level after the examination at Wal-Mart. He testified that while at Wal-Mart,

REPORT AND RECOMMENDATION - 7

>he assembled bikes, climbed ladders, and carried 50 pound bikes while sliding down ladders. Also, his opinion regarding the claimant's sitting limitations is inconsistent with his ability to engage in college classes.

AR 21.

The evidence in the record shows Plaintiff worked in bicycle assembly at Wal-Mart between April 1, 2012 and September 1, 2012. AR 220. Plaintiff described the job as sometimes requiring him to climb a ladder and bring down a fifty pound bicycle. AR 39. The ALJ found this demonstrated activity inconsistent with many limitations assessed by Dr. Gaffield. AR 20-21. However, the ALJ failed to note Plaintiff's testimony about his limitations while working at Wal-Mart. Plaintiff testified he could not physically work a full week; he would work two days then "skip a couple days" and then work a third day. AR 38-39. He worked between 16 to 23 hours a week. AR 38. Plaintiff eventually quit because he found the job "overly physically demanding." AR 39.

The record shows Plaintiff was unable to perform at the exertional level of the Wal-Mart job. He physically could not work a full week and left the job six months after Dr. Gaffield's examination due to the physical demands of the position. AR 38-39. Therefore, the ALJ's finding that Plaintiff's work at Wal-Mart undermined Dr. Gaffield's opinion regarding Plaintiff's postural limitations is not specific and legitimate and supported by substantial evidence.

The ALJ also found Plaintiff's ability to engage in college classes was inconsistent with Dr. Gaffield's opinion finding Plaintiff could sit no longer than four hours in an eight-hour day. AR 21. During the ALJ hearing, Plaintiff testified he is currently enrolled in an online college. AR 33. The ALJ asked, "[A]re you a full-time student?" and Plaintiff responded, "Yes, I'm - - I have to report in, when is it - - every fourth day I have to show activity." AR 46. Plaintiff also testified he is only able to sit upwards of an hour to an hour and a half. AR 46. Plaintiff's ability

REPORT AND RECOMMENDATION - 8

to engage in online college classes and report school activity every fourth day is not inconsistent with Dr. Gaffield's opinion that Plaintiff can sit up to four hours in an eight-hour day. As the evidence is not inconsistent with Dr. Gaffield's opinion, the ALJ did not provide a specific and legitimate reason for rejecting Dr. Gaffield's sitting limitation. Thus, the ALJ erred. *See Lester*, 81 F.3d at 830-31.

Had the ALJ properly considered the opinion of Dr. Gaffield, she would have likely included additional limitations in the residual functional capacity ("RFC") and in the hypothetical questions posed to the vocational expert, D.T. North. As the ultimate disability determination may have changed, the ALJ's error is not harmless. *See Molina*, 674 F.3d at 1115.

III.     Plaintiff's Credibility

Plaintiff contends the ALJ failed to give clear and convincing reasons for rejecting Plaintiff's testimony about his symptoms and limitations. Dkt. 11, pp. 6-10.

If an ALJ rejects the testimony of a claimant once an underlying impairment has been established, the ALJ must support the rejection "by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (*citing Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993)). As with all of the findings by the ALJ, the specific, clear and convincing reasons also must be supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also Bayliss*, 427 F.3d at 1214 n.1 (*citing Tidwell*, 161 F.3d at 601). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834. "In weighing a claimant's credibility, the ALJ may consider his reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the

REPORT AND RECOMMENDATION - 9

nature, severity, and effect of the symptoms of which he complains." *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

Plaintiff testified he had significant pain in his hip and lower back resulting in difficulties sitting, standing, and walking. AR 19. The ALJ found "the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible" because (1) the objective medical evidence was inconsistent with Plaintiff's testimony; (2) Plaintiff failed to seek treatment; (3) Plaintiff was enrolled in college classes; and (4) Plaintiff's claims of debilitating functioning are inconsistent with contemporaneous reports of actual functioning. AR 19-20.

The ALJ first found the medical records did not support Plaintiff's allegations regarding the severity of his alleged disabling impairments. AR 19-20. Determining a claimant's complaints are "inconsistent with clinical observations" can satisfy the clear and convincing requirement. *Regennitter v. Commissioner of SSA*, 166 F.3d 1294, 1297 (9th Cir. 1998). Here, the ALJ cited to medical records which show Plaintiff had degenerative changes in his hip and knees; however, Plaintiff had negative straight leg raises, had no difficulty when rising from a chair, and exhibited 5/5 strength in his lower extremities. AR 19-20. Accordingly, substantial evidence supports the ALJ's finding that objective medical evidence is inconsistent with Plaintiff's complaints of disabling impairments.

The Court recognizes the ALJ implied Plaintiff's statements to Dr. Gaffield were inconsistent with the objective findings. AR 19. Plaintiff complained of discomfort standing or walking and difficulty climbing stairs and ladders. AR 19. He also complained of back pain. AR 19. Dr. Gaffield observed Plaintiff walked with a severe limp, but did not express difficulties when rising from a chair or from a supine to sitting position. AR 19, 224. Plaintiff's ability to

REPORT AND RECOMMENDATION - 10

arise from sitting and supine positions is not inconsistent with Dr. Gaffield's observations and findings. Therefore, this is not a valid reason to find Plaintiff lacks credibility.

The ALJ next found Plaintiff's lack of treatment for his conditions "strongly suggests that his conditions are not as debilitating as he claims." AR 20. Indeed, without good reasons, an "unexplained, or inadequately explained, failure to seek treatment" may be a proper basis for an adverse credibility determination. *Fair v. Bowen*¸ 885 F.2d 597, 603 (9th Cir. 1989); *see* SSR 96-7p 1996 SSR LEXIS 4, at *21-*22 ("the individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints. . . . and there are no good reasons for this failure"). Here, Plaintiff testified he could not afford treatment. AR 46. Plaintiff's inability to afford treatment should not be used to discredit his testimony. "Disability benefits may not be denied because of the claimant's failure to obtain treatment he cannot obtain for lack of funds." *Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir.1995).

However, the ALJ did not believe Plaintiff's inability to afford treatment because he "has been employed since 2003/2004 and…has had money for other things like sustaining his cigarette habit." AR 20. The ALJ ignored evidence that Plaintiff's work was substantially below gainful employment after his alleged onset date. AR 190, 220. The ALJ failed to show how Plaintiff's work history contradicted his inability to afford treatment. Furthermore, Plaintiff's cigarette habit does not negate his inability to afford medical care. *See Shramek v. Apfel*, 226 F.3d 809, 813 (7th Cir. 2000) (noting lack of medical evidence establishing link between smoking and claimant's symptoms, and finding it extremely tenuous to infer from failure to give up smoking that claimant lacks credibility regarding seriousness of her condition, given the addictive nature of smoking and likelihood that failure to quite could also be attributable to

factors unrelated to the effect of smoking on her health). As a result, the ALJ improperly discounted Plaintiff's testimony due to his inability to afford medical treatment.

The ALJ also found Plaintiff's ability to attend online college classes and his desire to become a high school history meant Plaintiff was capable of work activity. AR 20. Plaintiff testified as to his educational goals. AR 33-34. However, the record contains no evidence of Plaintiff's capability of becoming a high school teacher. The record also lacks evidence showing Plaintiff's online schooling is equivalent to a full time job of eight-hours a day, five days a week. Rather, Plaintiff testified he was required to show school activity every four days. AR 46. This evidence of minimal school requirements fails to provide the substantial evidence necessary to support the inference that Plaintiff's education proved capacity to work full-time or contradict Plaintiff's complaints of disabling impairments.

Last, the ALJ found "the claimant's claims of debilitated functioning are inconsistent with contemporaneous reports of actual functioning." AR 19. In discussing Plaintiff's credibility, the ALJ did not provide specific examples to support this finding, which is error. *See Greger v. Barnhart*, 464 F.3d 968 972 (9th Cir. 1991) (the ALJ "must specifically identify what testimony is credible and what evidence undermines the claimant's complaints"). The ALJ, however, may have found "the claimant's claims of debilitated functioning are inconsistent with contemporaneous reports of actual functioning" regarding the tasks performed as part of the Wal-Mart job. AR 19. As noted above, Plaintiff worked as a bicycle assembler at Wal-Mart, requiring him to use a ladder to retrieve heavy bicycles from high shelf. AR 39. At the same time, Plaintiff told Dr. Gaffield his hip and back pain made stairs and ladders difficult and he constantly feared falling. AR 222.

REPORT AND RECOMMENDATION - 12

While a short-term inconsistency exists, the record shows Plaintiff only worked the Wal-Mart job for six months before quitting due to the physical demands. AR 39. The ALJ failed to mention Plaintiff's long-term inability to perform the exertional requirements of the job. Plaintiff's statements as to his limitations eventually proved true. Any inconsistencies in Plaintiff's statements were subsequently resolved by his need to quit the physically demanding employment. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1038 (9th Cir. 2007) ("[i]t does not follow from the fact that a claimant tried to work for a short period of time and, because of his impairments, *failed*, that he did not then experience [symptoms] and limitations severe enough to preclude him from *maintaining* substantial gainful employment" and may support allegations of disabling symptoms). Therefore, the ALJ's finding that claimant's claims of debilitated functioning are inconsistent with contemporaneous reports of actual functioning is not a valid reason to reject Plaintiff's credibility.

If the overall credibility finding is supported by substantial evidence in the record, the ALJ's determination is not invalid simply because one reason for discounting Plaintiff's credibility was improper. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). However, a claimant's pain testimony may not be rejected "*solely* because the degree of pain alleged is not supported by objective medical evidence." *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995) (*quoting Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir.1991) (en banc)); *see also Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir.2001); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). The same is true with respect to a claimant's other subjective complaints. *See Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995). Here, the ALJ gave only one valid reason for finding Plaintiff lacked credibility. *See* AR 19-20. The only reason, however, was finding Plaintiff's statements were inconsistent with the objective medical evidence. Accordingly, the

REPORT AND RECOMMENDATION - 13

ALJ's overall credibility decision is not supported by substantial evidence in the record. On remand, the ALJ must reassess Plaintiff's credibility if she does not find Plaintiff disabled at Step Three.

IV. Step Five Analysis

Plaintiff also argues the ALJ erred by relying on testimony inconsistent with the Dictionary of Occupational Titles ("DOT") without an explanation for the inconsistency. Dkt. 11, pp. 13-15. The Court found the ALJ erred in assessing Plaintiff's impairments at Step Three, the opinion evidence of Dr. Gaffield, and Plaintiff's credibility. *See supra* Sections I, II, III. On remand, the ALJ must reevaluate Step Three and, if she does not find Plaintiff meets a listing, the ALJ must reassess the RFC after properly considering Dr. Gaffield's opinion and Plaintiff's credibility. *See* Social Security Ruling 96-8p ("The RFC assessment must always consider and address medical source opinions."); *Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 690 ("an RFC that fails to take into account a claimant's limitations is defective"). As the ALJ must reassess Plaintiff's RFC on remand if she does not find Plaintiff disabled at Step Three, she must also reevaluate the findings at Step Five to determine if Plaintiff can perform the jobs identified by the vocational expert and consistent with the DOT in light of the new RFC. *See Watson v. Asture*, 2010 WL 4269545, *5 (C.D. Cal. Oct. 22, 2010) (finding the ALJ's RFC determination and hypothetical questions posed to the vocational expert defective when the ALJ did not properly consider a doctor's findings).

V. Remand for Further Proceedings

Plaintiff contends reversal for award of benefits is the proper remedy. Dkt. 11, pp.15-16. The Court may remand for an award of benefits where:

> the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to

REPORT AND RECOMMENDATION - 14

provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison*, 759 F.3d at 1020. Remand for award of benefits occurs in rare circumstances. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). Remand for further proceedings is appropriate where "critical factual issues remain unresolved." *Brown-Hunter v. Colvin*, __ F. 3d __, 2015 WL 4620123, at *1 (9th Cir. 2015).

Here, the ALJ's failure to adequately address the evidence of Plaintiff's severe limp means the ALJ did not properly consider Listing 1.02 at Step Three. Whether Plaintiff meets the requirements of Listing 1.02 must be resolved by the ALJ. This requires further proceedings.

Additionally, the ALJ's erroneous evaluation of Dr. Gaffield's opinion resulted in an RFC that may not account for all of Plaintiff's limitations. Plaintiff's true RFC is a critical factual issue that must be resolved in order to complete the disability analysis. Additional proceedings are necessary to correct the ALJ's errors and determine an accurate RFC.

On remand, the ALJ should reevaluate Step Three. If Plaintiff is not found to meet a listing, the ALJ must: (1) reconsider Dr. Gaffield's opinion; (2) reassess Plaintiff's credibility; and (3) formulate a new RFC and complete the disability analysis as needed.

## CONCLUSION

Based on the above stated reasons and the relevant record, the undersigned recommends this matter be REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report and Recommendation. The undersigned recommends JUDGMENT be entered for Plaintiff and the case be closed.

REPORT AND RECOMMENDATION - 15

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections thereto. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on December 18, 2015, as noted in the caption.

DATED this 3rd day of December, 2015.

*/s/ David W. Christel*
David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 16