THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID W. HINRICHS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | CASE NO. C15-5361-JCC-DWC<br><br>ORDER |

This matter comes before the Court on Plaintiff's objections (Dkt. No. 15) to the Report and Recommendation (Dkt. No. 14) issued by the Honorable David W. Christel, United States Magistrate Judge. Having reviewed Judge Christel's Report and Recommendation, Plaintiff's objections, and the relevant record, the Court OVERRULES the objections (Dkt. No. 15) and ADOPTS the Report and Recommendation (Dkt. No. 14) for the reasons set forth herein.

**I.     BACKGROUND**

Plaintiff made a claim for Social Security benefits based on pain in his back, hips, and legs. AR 17, 19. The Administrative Law Judge (ALJ) denied Plaintiff's claim. AR 15. The ALJ found that Plaintiff had the following severe impairments: hip dysplasia, leg length difference, and lower back pain. AR 17. However, the ALJ found that the impairments did not meet or medically equal Listings 1.02 or 1.04. AR 18. The ALJ further found that Plaintiff could perform

| | |
|---|---|
| 1 | light work; lift or carry 20 pounds occasionally and 10 pounds frequently in an 8-hour work day; |
| 2 | stand or walk for 2 hours and sit for 6 hours in an 8-hour work day; and occasionally balance or |
| 3 | climb ramps or stairs. AR 18. |
| 4 |     Judge Christel found three errors in the ALJ's decision: (1) the ALJ failed to support her |

light work; lift or carry 20 pounds occasionally and 10 pounds frequently in an 8-hour work day; stand or walk for 2 hours and sit for 6 hours in an 8-hour work day; and occasionally balance or climb ramps or stairs. AR 18.

    Judge Christel found three errors in the ALJ's decision: (1) the ALJ failed to support her Step Three finding with substantial evidence; (2) the ALJ failed to provide specific and legitimate reasons for giving only some weight to Plaintiff's examining physician, Dr. Gary Gaffield; and (3) the ALJ failed to provide clear and convincing reasons supported by substantial evidence for finding Plaintiff lacked credibility.[1] (Dkt. No. 14 at 1.) Judge Christel recommended that the case be reversed and remanded for further proceedings. (Dkt. No. 14 at 1.)

    Plaintiff objects to this recommendation on two grounds. (Dkt. No. 15 at 2.) First, he argues that Judge Christel erred in concluding that substantial evidence supported the ALJ's finding that Plaintiff's subjective complaints were inconsistent with the objective medical evidence. (Dkt. No. 15 at 2.) Second, Plaintiff argues that Judge Christel abused his discretion by ordering remand for additional proceedings rather than for an immediate award of benefits. (Dkt. No. 15 at 2.)

    Defendant offers no substantive argument in response. (*See* Dkt. No. 16 at 1-2.) Defendant states only that "Plaintiff's objections should be rejected for the reasons set forth in the Report and Recommendation." (Dkt. No. 16 at 1.)

---

[1] Judge Christel concluded that there was substantial evidence to support the ALJ's finding that Plaintiff's subjective complaints were inconsistent with the objective medical evidence. However, Judge Christel concluded that this was the ALJ's only legitimate reason for finding Plaintiff not credible. (Dkt. No. 14 at 13.) A claimant's pain testimony may not be rejected solely because the degree of pain alleged is inconsistent with the objective medical evidence. *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995). Judge Christel thus reasoned that this was an inadequate ground upon which to affirm the ALJ's credibility finding, requiring reversal and remand. (Dkt. No. 14 at 14.)

ORDER
PAGE - 2

## II. DISCUSSION

### A. Plaintiff's Credibility

First, Plaintiff argues that Judge Christel erred by finding that substantial evidence supported the ALJ's finding that Plaintiff's subjective complaints were inconsistent with the objective medical evidence. (Dkt. No. 15 at 2.)

The ALJ is responsible for determining the credibility of claimants and witnesses. *See Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ must provide sufficient support for his or her credibility determinations. For example, if the ALJ rejects a Plaintiff's testimony once an underlying impairment has been established, the ALJ must provide clear and convincing reasons for doing so. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). "The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion." *Id.*

Here, the ALJ specifically identified which symptom testimony she deemed not credible and which facts in the record led her to that conclusion. The ALJ noted that Plaintiff testified to the following: that he has constant back and hip pain, which is aggravated by lifting and twisting; that he can only stand for 20 minutes at a time; that he can only walk for 30 minutes at a time; and that he can only sit for one-and-a-half hours at a time. AR 19. The ALJ found that, in light of the objective medical evidence, Plaintiff's description of his symptoms' severity was not entirely credible. AR 19. She cited to the fact that Plaintiff had negative straight raises, no difficulty when rising from a chair, and 5/5 strength in his lower extremities. AR 19, 20.

Judge Christel noted the ALJ's reference to this specific medical evidence and concluded that the ALJ's finding was supported by substantial evidence. (Dkt. No. 14 at 10.)

Plaintiff argues that Judge Christel's conclusion is in error, because there is only a slim quantity of evidence to support the ALJ's finding. (Dkt. No. 15 at 3.) An ALJ's findings must be supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla, but may be less than a preponderance." *Lewis v. Apfel*, 236 F.3d 503, 509 (9th Cir.

2001). Substantial evidence means "relevant evidence that, considering the entire record, a reasonable person might accept as adequate to support a conclusion." *Id.*

The Court agrees with Judge Christel that substantial evidence supports the ALJ's finding. The ALJ specifically cited medical evidence suggesting that Plaintiff's ailments were not as debilitating as he reported. *See* AR 19. This evidence is buttressed by the opinions of Dr. Gaffield and Dr. Guillermo Rubio, who opined that Plaintiff could stand, walk, and sit for periods of time significantly longer than Plaintiff reported. *See* AR 20, 21. Given the ALJ's role in determining credibility, the specificity with which the ALJ identified the conflicting evidence, and the record as whole, the Court adopts Judge Christel's conclusion as to this credibility finding.[2] And, because this is an insufficient ground upon which to reject a claimant's testimony, *see Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995), the Court ADOPTS Judge Christel's recommendation that remand is appropriate in this case.

**B.    Remand for Proceedings or Benefits**

Plaintiff further argues Judge Christel abused his discretion by ordering remand for additional proceedings rather than for an immediate award of benefits. (Dkt. No. 15 at 2.)

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the

---

[2] In a footnote, Plaintiff identifies a perceived issue with Judge Christel's finding about Plaintiff's statements to Dr. Gaffield. (Dkt. No. 15 at 2 n.1.) Plaintiff asserts that the Dr. Gaffield issue is intertwined with the present credibility issue. The Court disagrees.

Judge Christel made two separate findings: (1) that, as discussed here, substantial evidence supported the ALJ's finding that Plaintiff's testimony about his symptoms' severity was inconsistent with objective medical evidence; and (2) that, *if* the ALJ found Plaintiff's statements to Dr. Gaffield were inconsistent with Dr. Gaffield's medical opinion (a finding that was not explicitly made by the ALJ, but only potentially implied), the ALJ was incorrect and thus could not rely on that reasoning to find Plaintiff not credible. This latter issue involves Plaintiff's statements to Dr. Gaffield—statements that differed somewhat from Plaintiff's testimony. Moreover, the latter issue appears to implicate the weight given to Dr. Gaffield's opinion, rather than Plaintiff's credibility. Instead of being confusing as Plaintiff alleges, Judge Christel's recommendation is merely being thorough as to the proper bases for determining Plaintiff's credibility.

proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.* Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

Here, Judge Christel found that remand for additional proceedings was proper to develop the following issues: (1) whether Plaintiff meets the requirements of Listing 1.02 and, if not, (2) what is Plaintiff's residual functional capacity (RFC) after properly considering Dr. Gaffield's opinion and Plaintiff's credibility. (Dkt. No. 14 at 15.)

Plaintiff asserts that remanding for additional proceedings would merely give the ALJ a chance for a mulligan, because no serious doubt as to disability exists. (Dkt. No. 15 at 6-7.) But, Plaintiff admits that Dr. Gaffield's opinion was not presented to the vocational expert. (Dkt. No. 15 at 7.) Thus, although it is undisputed that Plaintiff has impairments limiting his ability to work, issues still remain regarding Plaintiff's potential functional capabilities and his ability to perform other jobs existing in significant numbers in the national economy despite any additional limitations. Remand for further consideration is warranted in this matter.

### III.   CONCLUSION

For the foregoing reasons, the Court OVERRULES Plaintiff's objections (Dkt. No. 15) and ADOPTS the Report and Recommendation (Dkt. No. 14).

1      DATED this 26th day of February 2016.

2

3

4

5

6

7                                                John C. Coughenour
8                                                UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
PAGE - 6